Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT GEIGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>SUNSET MEDIA GROUP, LLC D/B/A SUNSET MEDIATION and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   ROBERT GEIGER
   236 Wavecrest Drive
   Mastic Beach, New York 11951

   SUNSET MEDIA GROUP, LLC D/B/A SUNSET MEDIATION
   1 Bridge Plaza, 2nd Floor
   Fort Lee, New Jersey 07024

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, SUNSET MEDIA GROUP, LLC D/B/A

SUNSET MEDIATION ("SUNSET") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, resides in Mastic Beach, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. SUNSET maintains a location at 1 Bridge Plaza, 2nd Floor, Fort Lee, New Jersey 07024.

8. SUNSET uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. SUNSET is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey and New York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey and New York consumers who were sent letters and/or notices from SUNSET (*See* **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to September 16, 2019, Plaintiff allegedly incurred a financial obligation to T-MOBILE PCS HOLDINGS LLC ("T-MOBILE").

19. Plaintiff allegedly incurred the T-MOBILE obligation in connection with a cellular telephone account.

20. The T-MOBILE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the T-MOBILE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The T-MOBILE obligation did not arise out of a transaction that was for non-personal use.

23. The T-MOBILE obligation did not arise out of a transaction that was for business use.

24. The T-MOBILE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. T-MOBILE and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or before September 16, 2019, the T-MOBILE obligation was referred to SUNSET for the purpose of collection.

27. At the time the T-MOBILE obligation was referred to SUNSET the T-MOBILE obligation was past due.

28. At the time the T-MOBILE obligation was referred to SUNSET the T-MOBILE obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

29. Defendants caused to be delivered to Plaintiff a letter dated September 16, 2019, which was addressed to Plaintiff and sought a balance of $875.50 on the T-MOBILE obligation. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The September 16, 2019 letter was sent to Plaintiff in connection with the collection of the T-MOBILE obligation.

31. The September 16, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The September 16, 2019 letter was the initial written communication that Plaintiff received from Defendant.

33. No other written communication was received by Plaintiff from Defendant within five days of the September 16, 2019 letter.

34. Upon receipt, Plaintiff read the September 16, 2019 letter.

35. The September 16, 2019 letter stated in part:

> Please refer to your copy of the agreement. It clearly states the following:
>
> 6. Default: "*Purchaser shall pay for expenses of Seller in enforcement of remedies including reasonable attorneys fees and other legal expenses. All overdue payments shall bear the original interest agreed upon until paid in full...*"

36. The September 16, 2019 also stated in part:

> In accordance with this provision, your total amount due on the account above is $875.50. This includes interest to date only. Interest will continue to accrue until date of payment. If we do not receive payment by September 16, 2019, we will, at our option, pursue this matter in a Court of Law. **We may also report this to the I.R.S. as Debt Cancellation Income under I.R.S. Reg. S161-12 if payment is not received.**
>
> We request payment of the above by September 16, 2019. Thank you in advance for your prompt attention to this matter.

37. In addition, the September 16, 2019 letter stated in part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and number of the original creditor, if different from the current creditor.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

38. The applicable statute of limitations related to the T-MOBILE obligation expired prior to September 16, 2019.

39. The September 16, 2019 letter does not clearly inform Plaintiff that the applicable statute of limitations has expired related to the T-MOBILE obligation but that it is possible that an action by Plaintiff could reset or begin a new statute of limitations.

40. Despite that the applicable statute of limitations related to the T-MOBILE obligation expired prior to September 16, 2019, Defendant made an express threat of litigation ("pursue this matter in a Court of Law")

41. The September 16, 2019 letter does not contain the information required by 15 U.S.C. § 1692g(a)(2).

42. The September 16, 2019 letter overshadows and/or contradicts the notices required by 15 U.S.C. § 1692g(a)(3), § 1692g(a)(4) and § 1692g(a)(5).

43. SUNSET knew or should have known that its actions violated the FDCPA.

44. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

45. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) By making false representations of the character or legal status of a debt;

   (c) Threatening to take an action that cannot legally be taken or that is not intended to be taken; and

   (d) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

46. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey and New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

47. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

48. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

50. The September 16, 2019 letter overshadows and/or contradicts the rights of Plaintiff and others similarly situated as mandated by 15 U.S.C. § 1692g(a)(3); § 1692g(a)(4) and § 1692g(a)(5).

51. Defendants' letter violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5) and § 1692(10).

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

53. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

54. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

55. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

56. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character and legal status of the debt.

57. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

58. Defendants' conduct as described herein constitutes violations of 15 U.S.C. § 1692e(5).

59. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

60. Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

61. Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(3), (4) and (5).

62. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

63. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

64. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

65. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

66. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

67. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

68. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 20, 2019                             Respectfully submitted,

By:    *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 20, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff