## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT GEIGER, on behalf of himself and all other similarly situated,** : : **Plaintiff(s),** : : **v.** : : **SUNSET MEDIA GROUP, LLC, d/b/a SUNSET MEDIATION, et al.,** : : **Defendants.** : | Civil Action No.: 19-21752 (JMV) **ORDER** |

<u>JAMES B. CLARK, III, U.S.M.J.</u>:

**THIS MATTER** having come before the Court upon motion by Defendants Sunset Media Group, LLC, d/b/a Sunset Mediation and Sal Benanti ("Defendants") to vacate the entry of default pursuant to Fed.R.Civ.P. 55(c) [ECF No. 16]; and Plaintiff Robert Geiger ("Plaintiff") having opposed Defendants' motion [ECF Nos. 17, 18]; and the Court having fully reviewed all submissions made in support of, and in opposition to, Defendants' motion; and the Court having considered Defendants' motion without oral argument pursuant to L.Civ.R. 78.1(b); and

**WHEREAS** Plaintiff filed this action on December 20, 2019 [ECF No. 1] and served the Complaint and Summons on January 3, 2020, thereby making Defendants' answer due by January 24, 2020 [ECF No. 3]; and

**WHEREAS** Plaintiff filed an Amended Complaint on February 17, 2020 [ECF No. 5] and served the Amended Complaint on February 27, 2020, thereby making Defendants' answer due by March 19, 2020 [ECF Nos. 10, 11]; and

**WHEREAS** per Plaintiff's request, the Clerk of the Court entered Default against Defendants on April 8, 2020 for their failure to timely move, answer or otherwise respond to Plaintiff's complaint; and

**WHEREAS** on June 22, 2020, Plaintiff filed a motion for default judgment [ECF No. 15]; and

**WHEREAS** on June 23, 2020, Defendants filed an appearance with the Court and moved to vacate the Clerk's entry of Default [ECF No. 16]; and

**WHEREAS** the Court finds that Fed.R.Civ.P. 55(c) provides that for good cause shown, the Court may set aside an entry of default; [1] and

**WHEREAS** in addition to Rule 55, the Court should also weigh the following factors in considering a motion to set aside default: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct," *Miles v. Aramark Correctional Serv. at Curran Fromhold Correctional Facility*, 236 F. App'x 746, 751 (3d Cir. 2007) (quoting *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)); and

**WHEREAS** Defendants submit that Plaintiff will not be prejudiced in vacating the default, that the Defendants have a meritorious defense to Plaintiff's Amended Complaint, and that Defendants' default was the result of excusable neglect [*see* ECF No. 16-3]; and

**WHEREAS** Defendants rely on the Declaration of Salvatore Benanti to establish excusable neglect as Mr. Benanti contacted an attorney, Nicholas Alfano, Esq. about the lawsuit and was promised by Mr. Alfano in March 2020 "to have a solution by end of this week"

---

[1] Entry of default is disfavored in the Third Circuit, and all doubt should be resolved in favor of setting aside the default. *See Lorenzo v. Griffith*, 12 F.3d 23, 27 n.4 (3d Cir. 1993); *U.S. v. $55, 518.05 in U.S. Currency,* 728 F.2d 192, 194 (3d Cir. 1984).

concerning the lawsuit; however, no action by Mr. Alfano was ever taken with respect to the lawsuit [ECF No. 16-2, ¶¶ 5-13]; and

**WHEREAS** Mr. Benanti states that upon learning that Mr. Alfano did not answer the Amended Complaint, Defendants contacted another attorney to file a motion to vacate default [ECF No. 16-2, ¶ 14]; and

**WHEREAS** Plaintiff opposed Defendants' motion on the basis that Defendants' conduct should not be considered excusable neglect and Defendants' extensive delay caused Plaintiff to incur "unnecessary additional fees and expenses" [ECF No. 18 at pp. 3-4]; and

**WHEREAS** Defendants filed a reply letter brief arguing that delay is insufficient to support Plaintiff's claim of prejudice and Plaintiff does not allege any other prejudice including loss of evidence, potential for fraud and collusion, or any reliance on a judgment [ECF No. 20 at p. 2]; and

**WHERAS** Defendants deny that their conduct is culpable or in bad faith when Defendants were at worst negligent in their handling of this matter [ECF No. 20 at pp. 3-4]; and

**WHEREAS** upon a review of Defendants' motion, the Court finds that the default was not a result of Defendants' culpable conduct[2] and further finds that Plaintiff will not be prejudiced by a grant of Defendants' motion to vacate;[3] and

---

[2] Generally, culpable conduct includes "actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). "More than mere negligence is required." *Bank v. Lake Estates Condo. Assoc., Inc.*, No. 11-5338, 2012 WL 1435637, at *6 (D.N.J. Apr. 25, 2012). "Excusable neglect is found where 'a demonstration of good faith on the part of the party seeking [vacatur shows] some reasonable basis for noncompliance within the time specified.'" *Julaj v. Tau Assocs. LLC*, No. 12-1464, 2013 WL 4731751, at *3 (D.N.J. Sept. 3, 2013) (quoting *Jackson Hewitt, Inc. v. Semo Tax Servs., Inc.*, 2011 WL 6826013, at *3 (D.N.J. Dec. 28, 2011)). While Defendants were admittedly aware of these proceedings in March 2020, the Court is satisfied they did not recklessly disregard their need participate. Defendants represent that they contacted an attorney about the matter and believed it was being handled by that attorney. Although Defendants failed to remain in contact with the attorney regarding the status of this matter, the Court finds that Defendants present a reasonable basis for noncompliance and their conduct amounts to excusable neglect.

[3] Courts have found that prejudice "only accrues due to a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *See Paris v. Pennsauken Sch. Dist.*, No. 12-7355, 2013 WL

**WHEREAS** the Court also finds that Defendants have made a showing of a meritorious defense;[4]

**IT IS** on this **25th** day of **February, 2021**

**ORDERED** that Defendants' motion to vacate default is **GRANTED** [ECF No. 16]; and it is further

**ORDERED** that Default as to Sunset Media Group, LLC, d/b/a Sunset Mediation and Sal Benanti is hereby **VACATED**; and it is further

**ORDERED** that the Clerk of the Court administratively terminate the motion for default judgment [ECF No. 15] as moot accordingly.

                                                                                                      s/ James B. Clark, III
                                                                                                      **JAMES B. CLARK, III**
                                                                                                      **United States Magistrate Judge**

---

4047638, at *3 (D.N.J. Aug. 9, 2013). "Notably, delay in the adjudication of a claim 'rarely serves to establish the degree of prejudice' sufficient to warrant the denial of a motion to vacate an entry of default." *GVN IV, LLC v. Salerno*, No. 20-5811, 2020 WL 6263992, at *3 (D.N.J. Oct. 23, 2020) (quoting *Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982)). Here, while there was a delay of three months in Defendants filing an appearance in this action, Plaintiff has not shown that this delay affects his ability to pursue his claims. Accordingly, the Court is not persuaded that the Plaintiff will suffer prejudice if default is vacated.

[4] Defendants claim that they could not have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1629g *et seq.*, as alleged in Plaintiff's Amended Complaint because the letter notice Plaintiff received meets the statutory requirements. ECF No. 16-3 at p. 3. Plaintiff does not dispute Defendants' claim of having a meritorious defense. It is also the preference of the Court to allow claims to be heard on the merits. *See Dizzley v. Friends Rehabilitation Program, Inc.*, 202 F.R.D. 146, 147 (D.N.J. 2001) ("Indeed, courts enjoy the inherent power to ignore minor procedural defects because they should, whenever practicable, reach the merits of a case.") (citation omitted).